UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOWARD PORTER,

      Plaintiff,

v.                                                                                    Case No:  6:16-cv-1379-Orl-37DCI

MARGIE PATCHETT and NICOLE
SANCHEZ,

      Defendants.

REPORT AND RECOMMENDATION

This matter comes before the undersigned due to Plaintiff's failure to timely respond to the pending Order to Show Cause (Doc. 49).  For the reasons discussed below, the undersigned recommends the claim against Margie Patchett be dismissed.

**I.  BACKGROUND.**

On August 1, 2016, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed the operative complaint against several defendants, including Ms. Patchett.  Doc. 1.  Specifically, Plaintiff asserts a claim of intentional infliction of emotional distress (IIED) against Ms. Patchett. *Id*. at 19-22.

On or about August 17, 2016, Plaintiff provided the Clerk with a summons for Ms. Patchett, indicating that her address was 415 Oak Drive, Port Orange, Florida 32127.  Doc. 15.  A United States Marshal attempted to serve Ms. Patchett on August 22, 2016.  Doc. 28.  The Marshal indicated that he could not locate the address provided in the summons, but did attempt service at 415 Oak River Drive, Port Orange, Florida 32127.  *Id*.  The Marshal indicated that Ms. Patchett

did not reside at 415 Oak River Drive, Port Orange, Florida 32127. *Id*. On September 14, 2016, the Clerk entered the return of serve indicating that Ms. Patchett was not served. *Id*.

On December 5, 2016, the undersigned entered an Order to Show Cause against Plaintiff. Doc. 49. The undersigned noted that Plaintiff has taken no further action to serve Ms. Patchett following the entry of the return of service, and that the time to serve Ms. Patchett had passed. *Id*. at 1 (citing Fed. R. Civ. P. 4(m)). Accordingly, the undersigned directed Plaintiff to show cause in writing on or before December 19, 2016, why sanctions, including, but not limited to, dismissal of the claim against Ms. Patchett, should not be imposed for failure to timely serve Ms. Patchett. *Id*. at 2. The undersigned admonished Plaintiff that "[f]ailure to respond to the Order to Show Cause in the time provided will result in a report recommending that the claim(s) against Ms. Patchett be dismissed." *Id*.

**II.   LAW.**

A plaintiff must serve each defendant with a summons and copy of the complaint within 90 days of the complaint being filed with the Court. Fed. R. Civ. P. 4(m). The Court must, after providing plaintiff notice, dismiss the action without prejudice if the defendant is not served within 90 days of the complaint being filed. *Id*. The court, though, must extend the time to serve the complaint if the plaintiff shows good cause for not timely serving the complaint. *Id*.

**III.   ANALYSIS.**

The complaint was filed on August 1, 2016. Doc. 1. Therefore, Plaintiff had 90 days from that date to ensure Ms. Patchett was served. Fed. R. Civ. P. 4(m).[1] There is no evidence that Ms. Patchett was served within that time or that she was ever served, and the time to serve her has passed.

---

[1] Plaintiff never moved for an extension of time to serve Ms. Patchett.

Plaintiff has failed to take the requisite steps to ensure Ms. Patchett was timely served. Plaintiff is proceeding *in forma pauperis*, thus the United States Marshals Service (USMS) was tasked with serving each of the defendants, including Ms. Patchett. *See* 28 U.S.C. § 1915(d). Plaintiff, however, was responsible for providing accurate and sufficient information for the USMS to effect service on Ms. Patchett. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated); *Allen v. Comm'r of Arizona State Prison*, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014) ("[I]t remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service") (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)). The Marshal indicated that the address provided by Plaintiff did not exist, Doc. 28, and there is no evidence in the record to refute that representation. The Marshal nevertheless located an analogous address and attempted service at that address, but Ms. Patchett did not reside at that address. *Id*. Thus, the Marshal made a reasonable effort to serve Ms. Patchett, but was unable to serve her based on the information provided by Plaintiff. The unexecuted return of service was filed on the record, and sent to Plaintiff on or about September 14, 2016. *Id*. Thus, Plaintiff was notified well before the deadline to serve Ms. Patchett that she was not served at the address he provided. Plaintiff, however, took no further action to ensure Ms. Patchett was served within the time provided by the Federal Rules of Civil Procedure.

The undersigned provided Plaintiff with an opportunity to demonstrate good cause why he failed to ensure Ms. Patchett was timely served. Doc. 49; *see* Fed. R. Civ. P. 4(m). The time to respond to the Order to Show Cause has passed, and Plaintiff has not filed a response to the Order to Show Cause. Therefore, Plaintiff has failed to demonstrate good cause for not timely serving Ms. Patchett.

The Court may grant an extension of time to serve a defendant parties absent a showing of good cause. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). The undersigned, however, finds that no circumstances warrant an extension of time. First, there is no evidence that Ms. Patchett is evading service. Second, the events giving rise to Plaintiff's claim against Ms. Patchett occurred in early 2014, *see* Doc. 1 at 19-21, thus it does not appear that dismissal of his claim against Ms. Patchett would bar him from filing a subsequent action because the statute of limitations for an IIED claim is four years. Fla. Stat. § 95.11(3)(o). Third, Plaintiff had an opportunity to explain why he failed to ensure Ms. Patchett was timely served, and was admonished that failure to respond would result in a report recommending the case be dismissed. Doc. 49. Plaintiff, in spite of the undersigned's warning, failed to provide any explanation concerning his failure to ensure Ms. Patchett was timely served. In light of the foregoing, the undersigned finds there is no just cause to extend the deadline to serve Ms. Patchett, and thus recommends Plaintiff's claim against Ms. Patchett be dismissed without prejudice. Fed. R. Civ. P. 4(m).

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The claim against Ms. Patchett be **DISMISSED** without prejudice; and
2. The Clerk be directed to terminate Ms. Patchett as a defendant in this action.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 28, 2016.

                         DANIEL C. IRICK
                         UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy