**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HOWARD PORTER,

        Plaintiff,

v.                                            Case No. 6:16-cv-1379-Orl-37DCI

MARGIE PATCHETT and NICOLE
SANCHEZ,

        Defendants.

## ORDER

This cause is before the Court on U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 64), filed December 28, 2016.

On August 1, 2016, Plaintiff initiated the instant action against several defendants, including Margie Patchett ("**Patchett**").[1] (Doc. 1.) To effect service, Plaintiff provided the Clerk of the Court with a summons, listing Patchett's purported address as 415 Oak Drive, Port Orange, Florida. (Doc. 15 ("**Summons**").) On September 14, 2016, the U.S. Marshals Service returned the Summons unexecuted, noting that he could not locate the address provided but had attempted to serve Patchett at 415 Oak *River* Drive, Port Orange, Florida. (*See* Doc. 28 ("**Returned Summons**").) According to the Returned Summons, Patchett did not reside at that address. (*Id.*)

Plaintiff made no further attempt to effect service on Patchett. Hence on December 5, 2016, U.S. Magistrate Judge Daniel C. Irick issued an Order to Show Cause

---

[1] Plaintiff initially brought claims against eleven defendants. (*See* Doc. 1.) On December 15, 2016, the Court dismissed the claims against nine defendants. (Doc. 58.) The Plaintiff is currently proceeding against the two remaining defendants—Patchett and Nicole Sanchez.

why sanctions, including dismissal of claims against Patchett, should not be imposed for Plaintiff's failure to timely serve her. (Doc. 49 ("**OTSC**").) The OTSC required Plaintiff to respond on or before December 19, 2016, and admonished Plaintiff that his failure to respond to the OTSC would result in "a report recommending that the claim(s) against [ ] Patchett be dismissed." (*Id.* at 2.) Notwithstanding this warning, Plaintiff failed to respond. Consequently, Magistrate Judge Irick issued a Report recommending dismissal of the Plaintiff's claims against Patchett. (Doc. 64 ("**R&R**").) Plaintiff did not object to the R&R, and the time to do so has now passed.

In his R&R, Magistrate Judge Irick found that Plaintiff had failed to serve Patchett within the time permitted under Federal Rule of Civil Procedure 4(m). (*Id.* at 3.) Further, the R&R found that the circumstances did not warrant extending the service deadline because: (1) there was no evidence that Patchett was evading service; (2) Plaintiff's claims against Patchett would not be time-barred if dismissed; and (3) Plaintiff chose not to avail himself of the opportunity to explain why he failed to serve Patchett. (*Id.* at 4.)

In the absence of objections, the Court has reviewed the R&R for clear error. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In doing so, the Court finds that the findings and recommendations set forth in the R&R are supported and warranted by the record.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 64) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. Plaintiff Howard Porter's claims against Defendant Margie Patchett are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to **TERMINATE** Margie Patchett as a party in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 18, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Pro Se Party

Counsel of Record