UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOWARD PORTER,

    Plaintiff,

v.                                                    Case No. 6:16-cv-1379-Orl-37DCI

NICOLE SANCHEZ,

    Defendant.
_____

**ORDER**

This cause is before the Court on its own motion. On August 1, 2016, *pro se* Plaintiff Howard Porter filed a three-count complaint against eleven defendants asserting claims for defamation and intentional infliction of emotional distress. (*See* Doc. 1.) After whittling down the parties in this action (*see* Docs. 58, 71), only Defendant Nicole Sanchez ("**Sanchez**") remains.

On June 5, 2017, Sanchez moved for summary judgment on the claims asserted against her. (Doc. 82 ("**MSJ**").) Pursuant to the Court's Case Management and Scheduling Order ("**CMSO**"), Plaintiff's response was due on or before **Monday, July 10, 2017**. (*See* Doc. 59, p. 9 (allotting thirty days to respond to summary judgment motions); *see also* Fed. R. Civ. P. 6(a)(1)(C), (d) (extending deadlines that fall on a weekend or holiday to the next business day and adding three additional days if a motion is served by mail).) To date, Plaintiff has not responded.

The CMSO also states that the Court: (1) takes motions for summary judgment

-1-

under advisement forty-five days from the date they are served, unless extended by Court order; and (2) does not hold hearings on such motions as a matter of course. (Doc. 59, pp. 9–10.) Due to Plaintiff's *pro se* status, in an abundance of caution, the Court will provide Plaintiff additional time to respond. If a response is filed, Sanchez will be provided fourteen days from the date of filing to submit a reply. (Doc. 59, p. 9 (allotting fourteen days for a moving party to file a reply to an MSJ).)

Accordingly, Plaintiff is **HEREBY ORDERED** to file a responsive memorandum and any materials demonstrating the existence of genuine issues of material fact on or before Wednesday, **July 26, 2017**; otherwise the Court will consider the motion unopposed and, if appropriate, enter summary judgment against Plaintiff. *See* Fed. R. Civ. P. 56(e). If Plaintiff files a response, Sanchez may file a reply within fourteen days of receipt. The parties are advised that the Court will take the pending motion under advisement as of Wednesday, **August 9, 2017**.[1]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 14, 2017.



ROY B. DALTON JR.
United States District Judge

---

[1] *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (requiring that a trial court notify the parties that a motion for summary judgment will be taken under advisement as of a certain day); *see also May v. Hetzel*, 630 F. App'x 994, 998 (11th Cir. 2015) (noting that Rule 56 still requires a court to give notice before issuing judgment).

Copies to:
Counsel of Record