UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOWARD PORTER,

    Plaintiff,

v.                                         Case No. 6:16-cv-1379-Orl-37DCI

NICOLE SANCHEZ,

    Defendant.

_____

## ORDER

On June 5, 2017, Defendant moved for summary judgment on the claims asserted against her. (Doc. 82 ("**MSJ**").) When Plaintiff failed to respond to the MSJ as set forth in the Court's Case Management and Scheduling Order ("**CMSO**"), the Court directed Plaintiff to file a responsive memorandum on or before **July 28, 2017** ("**Response Deadline**"). (Doc. 83.) Plaintiff failed to comply. Instead, nearly a week after the Response Deadline, Plaintiff filed a motion that purports to respond to the MSJ and requests that the Court impose sanctions against Defendant's counsel because the MSJ is frivolous and unjustly enriches counsel. (Doc. 84 ("**Sanctions Motion**").)[1]

To the extent Plaintiff employs the Sanctions Motion as a response to the MSJ it is untimely. Plaintiff was given two opportunities to respond to the MSJ and, without explanation, failed to do so. Hence the Court declines to consider the arguments set forth

---

[1] The Court finds it unnecessary to await Defendant's response to the Sanctions Motion.

-1-

in the Sanctions Motion once it takes the MSJ under advisement on August 9, 2017.[2] (*See* Doc. 83, p. 2.)

As for Plaintiff's sanctions request, it is a thinly-veiled attempt to exact retribution for his own failure. His arguments find no basis in fact or law. The mere act of filing a summary judgment motion, in and of itself, is not frivolous, nor does it unjustly enrich Defendant's counsel. Indeed, the CMSO contemplates such an action. (Doc. 59, p. 9.) Moreover, sanctions are not warranted simply because Plaintiff finds Defendant's MSJ arguments objectionable. Plaintiff could have challenged the MSJ by filing a timely response or sought an extension of the Response Deadline. *See* Local Rule 3.09(a).[3] Plaintiff did neither. As such, the Court declines to impose sanctions and finds that the Sanctions Motion is due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions (Doc. 84) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 7, 2017.



ROY B. DALTON JR.
United States District Judge

---

[2] Apart from being untimely, the Sanctions Motion does not comport with the CMSO's requirements for a response to an MSJ. (Doc. 59, p. 9.) At a minimum, a responding party must identify material facts that create genuine issues for trial with pinpoint citations to the record evidence. (*Id.*)

[3] Plaintiff also fails to certify that he conferred with Defendant's counsel prior to filing the Sanctions Motion as required by Local Rule 3.01(g).

Copies to:

Counsel of Record
*Pro se* Party